# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA M. SAUCEDO,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. EDCV 13-00334-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On March 1, 2013, Rosa M. Saucedo ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on May 31, 2013. On August 20, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 35-year-old female who applied for Social Security Disability Insurance benefits on April 20, 2009 and Supplemental Security Income benefits on December 10, 2009. (AR 11.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 6, 2008, the alleged onset date of her disability. (AR 13.)

Plaintiff's claims were denied initially and on reconsideration. (AR 11.) Plaintiff then sought review and on June 30, 2011, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Joseph Lisiecki in Orange, California. (AR 11.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 11.) Medical expert ("ME") Steven Gerber, M.D., and vocational expert ("VE") Joseph Torres also appeared and testified at the hearing. (AR 11.)

The ALJ issued an unfavorable decision on September 15, 2011. (AR 11-19.) The Appeals Council denied review on January 8, 2013. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ has properly considered the relevant medical evidence of record.
2. Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed her credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents

the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. <u>Id.</u>

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 6, 2008, the alleged onset date. (AR 13.)

At step two, the ALJ determined that Plaintiff has systemic lupus erythematosus; mitral regurgitation; obesity and depression which in combination more than minimally restrict her

4

ability to engage in work related tasks and as a result, are considered to be medically determinable severe impairments. (AR 13-14.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 14-15.)

The ALJ then found that Plaintiff has the RFC to perform light work with the following limitations:

> . . . lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking with normal breaks for a total of 6 hours out of an 8 hour day; sitting with normal breaks for a total of 6 hours out of an 8 hour day; and occasional climbing, balancing, stooping, kneeling, crouching and crawling. Claimant can perform simple tasks with simple work related decisions and can tolerate occasional interaction with the general public, coworkers and supervisors.

(AR 15-18.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 16.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 18.) At step five, however, the ALJ found that, considering Claimant's age, education, work experience and RFC, there are a significant number of jobs in the national economy that Plaintiff can perform, including small product assembler and packer. (AR 18-19.)

Consequently, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act. (AR 19.)

**DISCUSSION**

Plaintiff contends that the ALJ failed to properly consider the medical evidence and improperly discounted Plaintiff's credibility. Both of these contentions concern the ALJ's RFC.

A RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R.

5

§ 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ did not properly consider the medical evidence of record. The Court disagrees.

### A. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495

F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

    **B.    Analysis**

The ALJ determined that Claimant has the medically determinable severe impairments of systemic lupus erythematosus (SLE), mitral regurgitation, obesity and depression. (AR 13.) Nonetheless, the ALJ assessed Plaintiff with a RFC for light work with limitations, which would not preclude all work. (AR 15, 18.) In determining Plaintiff's RFC, the ALJ relied on medical expert Dr. Gerber, consulting examiner Dr. Siciarz and a reviewing State agency medical consultant, all of whom opined that Plaintiff had the physical ability to perform light work. (AR 16.) The ALJ also relied on consulting examiner Dr. Jarvis Ngati in concluding that Plaintiff had received conservative care for her mental impairment and could perform simple, repetitive tasks. (AR 18.)

With minor exceptions, Plaintiff does not discuss the medical evidence cited above that the ALJ relied on in determining Plaintiff's RFC. Instead, Plaintiff focuses on other medical evidence in the record which Plaintiff contends precludes all work. For example, Plaintiff contends that the ALJ failed to discuss numerous rheumatological examinations diagnosing lupus and fibromyalgia. As to fibromyalgia, Plaintiff cites to a April 18, 2007 treatment note of

rheumatologist Dr. Chang as evidence of a diagnosis but the note merely says that Plaintiff herself reported a diagnosis six years ago by a Dr. Franco. (AR 335.) Other notes cited by Plaintiff refer merely to a history of fibromyalgia. The Ninth Circuit has recognized that the accepted diagnostic test for fibromyalgia is that a patient must have pain in 11 of 18 tender points. Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 877 (9th Cir. 2004), overruled on other grounds in Abataie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006) (en banc); Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001). The Ninth Circuit recognizes fibromyalgia as a physical rather than a mental disease. Jordan, 370 F.3d at 873. None of the medical records here contain any tender point evidence essential to a fibromyalgia diagnosis. Thus, medical expert Dr. Gerber, when questioned at the hearing why he did not recognize Plaintiff's alleged fibromyalgia as an impairment, testified, "I saw no documentation of that diagnosis" (AR 32) and "I saw no rheumatologist making that diagnosis." (AR 33.) The ALJ did not err in not discussing fibromyalgia or not listing it as a medical impairment.

Plaintiff's primary focus is on the extent of her lupus impairment. Relying on the rheumatological evidence of record, Dr. Gerber, Dr. Siciarz and the State agency reviewing physician all accommodated Plaintiff's lupus impairment with a light work RFC with limitations. (AR 16.) Plaintiff does not acknowledge these opinions except to say that Dr. Siciarz admitted in his August 29, 2008 consulting report that he had not reviewed the medical records. (AR 534.) Dr. Siciarz did review Plaintiff's medical records for a second consulting examination in May, 2010. (AR 685.) The ALJ decision is based on Dr. Siciarz' May, 2010 report. (AR 16.) Thus, Plaintiff's criticism of Dr. Siciarz is of no merit..

        1.    Dr. Hanna

Plaintiff challenges the ALJ's rejection of the opinion of treating physician Dr. Mary Hanna. Dr. Hanna diagnosed uncontrolled lupus, provided a less than sedentary functional assessment and opined that Plaintiff would miss more than 4 days of work each month. (AR 980-983.) The ALJ gave Dr. Hanna's assessment "no weight" because it was "not demonstrated by her examinations or the objective evidence as a whole." (AR 17.) More

specifically, the ALJ cited an October 5, 2010 treatment note of Dr. Hanna reflecting "no symptoms of any flares of Plaintiff's lupus." (AR 931.) An ALJ can reject a treating physician's opinion when the physician's clinical notes are inconsistent or do not support the opinion. Bayliss, 427 F.3d at 1216.

Curiously, Plaintiff tries to dismiss the ALJ's citation of Dr. Hanna's inconsistent statement by arguing that, if Plaintiff was not experiencing any lupus flare-up, "it was simply because she was taking her medications as prescribed and the condition was fairly stable." (JS 5:26-28.) Impairments that can be controlled effectively with medication, however, are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Here, the ALJ noted that, as of March 19, 2009, one of Plaintiff's treating doctors found her lupus and hepatitis were "stable" and "as good as they can be," and "I do not see sign of active disease". (AR 16, 661.) The ALJ acknowledged that she was hospitalized for a flare-up in August 2010 but she had lost her insurance and been off medications for over a year. (AR 16.) Later records indicated Claimant was restarted on medication and Dr. Hanna herself found no symptoms of any flares by October 2010 and again in December 2010.[1] (AR 16, 931, 1031.) A State reviewing physician made a similar finding on October 28, 2010 that medical records revealed no evidence of flare-ups. (AR 977.) The ALJ reasonably found Dr. Hanna's less than sedentary physical RFC (AR 980-983) to be inconsistent with her October treatment note and the medical record.

The ALJ also noted that Dr. Hanna's less than sedentary assessment was inconsistent with the other medical opinions, in particular Dr. Siciarz' May 19, 2010 report which found no joint deformities or inflammation, normal range of motion in the joints of the upper and lower

---

[1] Plaintiff overstates the February 18, 2011 Rheumatology Clinic treatment note which records Plaintiff's complaints of pain in various extremities that she says had gotten progressively worse since her last visit. (AR 1012.) The note does not indicate that the Clinic accepted these complaints or that any testing was done to substantiate these allegations. As noted below, the ALJ properly discounted Plaintiff's credibility as to her subjective symptoms. The Clinical rheumatologist made a diagnosis of fibromyalgia based on past history without any tender point evidence. The clinic rheumatologist also diagnosed lupus, again based on past history, but did not indicate any flare-ups or active disease. The note does not provide any RFC assessment.

extremities and normal neurological function. (AR 17.) Dr. Siciarz also found no objective evidence of lupus flare-up. (AR 688.) The contrary RFC assessments of Dr. Gerber, Dr. Siciarz and the State agency reviewer are valid reasons for rejecting a treating physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Thus, the ALJ had specific, legitimate reasons grounded in the medical evidence of record for rejecting Dr. Hanna's opinion and the ALJ's physical RFC is supported by the medical evidence. Plaintiff essentially reargues the medical evidence but the ALJ has the responsibility for resolving conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

### 2. Dr. Snow and Dr. Varma

The ALJ relied on the May 29, 2010 report of psychiatrist Dr. Jarvis Ngati for Plaintiff's mental RFC. Claimant complained of depression but indicated no psychiatric hospitalizations or suicide attempts, and was not seeing a therapist or on medication at the time of the visit. (AR 693.) Dr. Ngati diagnosed depressive disorder but indicated Plaintiff's ability to perform simple and repetitive tasks was unimpaired and she had only mild limitations in other areas of functioning. (AR 16-17, 695.) Plaintiff does not challenge Dr. Ngati's opinion.

Plaintiff challenges the ALJ's rejection of the November 30, 2010 opinion of Ph.D. Dr. Lorraine Snow and Dr. Radhika Varma, M.D., who both signed the same Mental RFC Questionnaire. (AR 985-990.) These mental health professionals diagnosed major depressive disorder. (AR 990.) They indicated no impairment in the ability to understand and carry out simple instructions (AR 988) or to interact with the public (AR 989) but some mild limitations in other areas of functioning and a moderate limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 988.) More specifically, they indicate that Plaintiff would need unscheduled breaks of 10 minutes every two hours and likely would miss four days of work a month. (AR 989.)

The ALJ partly credited this opinion in Plaintiff's RFC by limiting Plaintiff to simple tasks and only occasional interaction with others. (AR 15, 17.) The ALJ, however, rejected Dr. Snow's and Dr. Varma's disabling RFC limitations because they are inconsistent with the "moderate" rating which according to the form itself means "the individual is still able to function satisfactorily." (AR 17, 988.) The ALJ's limitation to simple work adequately captures moderate limitations in the ability to work without interruptions for psychological symptoms or unscheduled breaks. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff does not address the internal inconsistency in the Mental RFC Questionnaire noted by the ALJ. An ALJ may disregard a treating physician's opinion when it is internally inconsistent. Bayliss, 427 F.3d at 1216; Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995).

The ALJ also observed that "there is no objective reason as to why the claimant would be absent from work for multiple days out of the month, and Dr. Snow herself indicated that her assessment was based on subjective impressions." (AR 17.) Plaintiff misinterprets the ALJ's comment to mean Dr. Snow and Dr. Varma were relying on Plaintiff's subjective impressions. The Court, however, believes the ALJ meant that Dr. Snow and Dr. Varma were relying only on their own subjective impressions as opposed to objective medical evidence. In fact, they explicitly state in the Mental RFC Questionnaire that "this assessment was based on subjective impressions of the interviewers". (Emphasis added.) The ALJ, then, reasonably rejected the assessment Plaintiff would miss work more than 4 days a month "as being inconsistent and unsupported by the weight of the evidence." (AR 17.)

The ALJ provided specific, legitimate reasons supported by substantial evidence for rejecting the opinions of Dr. Snow and Dr. Varma. The ALJ's mental RFC limiting Plaintiff to simple tasks and occasional interaction with others accommodates Plaintiff's mental impairment and is supported by substantial evidence, including the opinion of Dr. Ngati.

\* \* \*

The ALJ properly evaluated the medical evidence of record in assessing Plaintiff's RFC.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ improperly discounted her credibility. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments could be expected to cause her alleged symptoms. (AR 16.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with her assessed RFC. (AR 16.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ discounted Plaintiff's subjective symptoms because they were inconsistent with the objective medical evidence. An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 989. Here, the ALJ found that Plaintiff's allegations of disabling pain and weakness "contrast sharply with the objective examination findings of record which found no evidence of joint deformities or inflammation, normal range in motion of the joints throughout the upper and lower extremities, and normal neurological function in terms of gait, coordination, fine motor functioning of the fingers, motor strength, sensation and reflexes." (AR 17-18.) The medical opinions of Dr. Gerber, Dr. Siciarz, the State agency reviewer and Dr. Ngati support both physical and mental assessments reflected in the RFC. (AR 16.)

The ALJ also found that Plaintiff had been responsive to conservative care. (AR 17, 18.) Conservative treatment is a valid basis for discounting a claimant's testimony regarding the severity of his symptoms. Parra, 481 F.3d at 750-51. Here, the ALJ found that Plaintiff's lupus had responded well to treatment, there was no active disease and was as good as could be. (AR 661.) Her pleurisy was amenable to medication. (AR 16.) The record also showed a conservative level of care for her depression. (AR 18.) She told Dr. Ngati she had never been hospitalized or attempted suicide, and had not seen a psychiatrist or taken medication for some time. (AR 693.) The ALJ reasonably found that the RFC limitation to simple work and occasional interaction with others accommodated any mental impairment.

The ALJ also noted Plaintiff's inconsistent statements about the severity of her symptoms, which is a valid basis for discounting a claimant's credibility. See Light v. Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997) (inconsistencies between testimony and conduct may be considered in weighing a claimant's credibility). Here, the ALJ found that the Claimant's allegation that she requires assistance in self-care activities of dressing and bathing is inconsistent with her statement to Dr. Ngati that she was able to attend to self-care independently, engage in some basic household chores and run errands. (AR 18, 693.) She also related, however, that she does not have any outside activities and does not go outside

alone. (AR 693.) Dr. Ngati found Plaintiff to be an adequate historian. (AR 692.) This conflicting evidence is too thin to meet the clear and convincing evidence standard. The ALJ's error, however, is harmless because the other reasons advanced for discounting Plaintiff's credibility are sufficient to support the ALJ's finding. Carmickle v. Comm'r of Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008) (error harmless if inconsequential to the outcome of the non-disability determination).

The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 25, 2013            */s/ John E. McDermott*
                                              JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE